UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
FILE NO. 5:08-cv-00051

| | |
|---|---|
| JAMES G. ANDERSON AND PAULA M. ANDERSON, Co-Administrators of the ESTATE OF BAYLEY ANDERSON HINSON and KELLY TIMOTHY HINSON and WILMA J. HINSON, Co-Administrators of the ESTATE OF JONATHAN MATTHEW HINSON, <br><br> Plaintiffs, <br><br> vs. <br><br> MUHID KADRIC , COMPASS EXPRESS LINE, INC. f/k/a COMPASS EXPRESS, INC. and COMPASS TRANSPORTATION GROUP, INC. <br><br> Defendants. | **DEFENDANTS' ANSWER TO COMPLAINT** |

NOW COME Defendants Muhid Kadric, Compass Express Line, Inc. f/k/a Compass Express, Inc. and Compass Transportation Group, Inc. (hereinafter "Defendants"), by and through counsel, answering the Complaint, allege and say as follows:

**FIRST DEFENSE**

Without waiving any other defenses asserted herein, Defendants answer the enumerated paragraphs of the Complaint in the following manner:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint, and the same are, therefore, denied.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint, and the same are, therefore, denied.

3. It is admitted that Muhid Kadric is a resident of New Britain, Hartford County, Connecticut. The remaining allegations of this paragraph are denied.

4. It is admitted that Compass Express Line, Inc., formerly known as Compass Express, Inc., at all times relevant to the events set forth in the Complaint, was a business entity existing under the laws of the State of Illinois with a principal place of business in or near Cook County, Illinois, and formerly was engaged in retaining independent contractor owner-operators to transport freight to and from various locations in the United States. Except as otherwise admitted, the remaining allegations of paragraph 4 are denied.

5. It is admitted that Compass Transportation Group, at all times relevant to the events set forth in the Complaint, was a business entity existing under the laws of the State of Illinois with a principal place of business in or near Cook County, Illinois. Except as otherwise admitted, the remaining allegations of paragraph 5 are denied.

6. It is admitted that on July 26, 2007, Muhid Kadric was an independent contractor owner-operator, and was transporting freight at the request of Compass Express, Inc. Except as otherwise admitted, the remaining allegations of paragraph 6 are denied.

7. It is admitted upon information and belief that on July 26, 2007, at approximately 3:30 p.m., Jonathan Matthew Hinson and Bayley Anderson Hinson, were traveling in a 2002 Toyota, headed north on Interstate 77. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 7 of the Complaint, and the same are, therefore, denied.

8. It is admitted that on July 26, 2007, at approximately 3:30 p.m., Muhid Kadric was operating a 2003 Volvo truck, with, upon information and belief, Vin No. 4V4NC9JH73N347472, License Plate No. P580891, and was traveling north I-77 pulling a trailer in the right hand lane of travel, and that he was transporting freight at the request of Compass Express, Inc. Except as otherwise admitted, the remaining allegations of paragraph 8 are denied.

9. Denied.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint, and the same are, therefore, denied.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint, and the same are, therefore, denied.

12. It is admitted that on July 26, 2007, the tractor being driven by Muhid Kadric collided with the rear of the Hinson vehicle. The remaining allegations of paragraph 12 are denied.

13. It is admitted that the impact between Mr. Kadric's vehicle and the Hinson's vehicle was severe, and that the impact resulted in the deaths of the Hinsons. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 13 of the Complaint, and the same are, therefore, denied.

14. Denied.

15. Denied, including subparts.

16. Denied, including subparts.

17. Denied.

18. The answers to the allegations in the preceding paragraphs of the Complaint are incorporated herein by reference.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. The answers to the allegations in the preceding paragraphs of the Complaint are incorporated herein by reference.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted, and should be dismissed, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

## THIRD DEFENSE

Defendant Kadric was presented with a sudden emergency and he acted reasonably at all relevant times. Plaintiffs' claims are barred by the doctrine of sudden emergency.

## FOURTH DEFENSE

In the alternative, and without waiving any other defenses herein asserted, should the Court determine that any injuries or damages claimed by the plaintiffs proximately resulted from any negligence by Defendant, which negligence or any liability resulting therefrom is again expressly denied and pled solely for purposes of this defense, then the negligence of the Jonathan Matthew Hinson was an additional proximate cause of any such injuries or damages the plaintiffs may have sustained. The decedent's negligence included, without limitation, one or more of the following: decedent, by his own negligence, failed to use reasonable care for his and his wife's own safety under the circumstances then and there existing on the date and at the time the plaintiffs sustained any injury alleged by the Plaintiff through the Complaint. Defendants specifically plead the contributory negligence of the decedent in bar of any recovery by the plaintiffs through this action.

## FIFTH DEFENSE

If it is found that there was intervening or superseding negligence on the part of some person or entity other than these Defendants, plaintiffs' claims are barred.

## SIXTH DEFENSE

Alternatively, Defendant Kadric asserts that punitive damages are not recoverable against him in this action for the reason that Plaintiff cannot establish by clear and convincing evidence that the Defendant's conduct constitutes fraud or malice or that such conduct was willful or wanton.

## SEVENTH DEFENSE AND REQUEST FOR BIFURCATION

Without waiving any defenses asserted above, Defendants respectfully request, pursuant to N.C.G.S. §1D-30, that the issue of the Defendant Kadric's liability and the amount of compensatory damages, if any, be tried separately from the issues of the Defendant's liability for

5

Case 5:08-cv-00051-RLV-DLH   Document 6   Filed 07/03/08   Page 5 of 8

punitive damages and the amount of punitive damages, if any. Defendants further request that any evidence relating solely to punitive damages not be admitted until the trier of fact has determined that the Defendant is liable for compensatory damages and has determined the amount of compensatory damages.

## EIGHTH DEFENSE

Plaintiffs' Complaint seeks an award of punitive damages that is subject to the provisions of N.C.G.S. §1D-45. Defendants allege and contend that the plaintiffs' claim for punitive damages is one that the plaintiffs know or should know to be frivolous or malicious. Defendants hereby give notice that they will seek an award of a reasonable attorneys fee resulting from the defense against the punitive damage claims asserted by Plaintiffs, and to the extent any damages may be awarded plaintiff as compensatory damages, such award be set off against the attorneys fees sought herein.

## NINTH DEFENSE AND RESERVATION OF RIGHTS

Counsel for the Defendants hereby notify the Court and the Plaintiffs that counsel has just recently been retained to represent the Defendants in this action; that there may be further and additional defenses and affirmative defenses available based upon additional research, investigation and discovery; and that the Defendants therefore reserve the right to amend their Answer to allege such further defenses as may be shown by their research, investigation and discovery in this matter.

WHEREFORE, Defendants pray the Court:

1. That the Plaintiffs have and recover nothing from Defendants;

2. For a trial by jury;

3. That the Plaintiffs pay the costs of this action;

4. That the Court grant Defendants such other and further relief as the Court deems just and proper.

This the 3rd day of July, 2008.

          YOUNG MOORE AND HENDERSON, P.A.

          BY:____/s/ Christopher A. Page_____
             CHRISTOPHER A. PAGE
             North Carolina State Bar No. 19600
             Post Office Box 31627
             Raleigh, North Carolina 27622
             Telephone: (919) 782-6860
             Facsimile: (919) 782-6753
             E-mail:cap@youngmoorelaw.com
             *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and he served the foregoing document upon the attorneys shown below by depositing a copy of same in the United States mail, postage prepaid, addressed to said attorneys.

This the 3rd day of July, 2008.

                       YOUNG MOORE AND HENDERSON, P.A.

                       BY:____/s/ Christopher A. Page_____
                            CHRISTOPHER A. PAGE
                            North Carolina State Bar No. 19600
                            Post Office Box 31627
                            Raleigh, North Carolina 27622
                            Telephone: (919) 782-6860
                            Facsimile: (919) 782-6753
                            E-mail:cap@youngmoorelaw.com
                            *Attorneys for Defendants*

Served on:

James A. Merritt, Jr., Esq.
Joy Rhyne Webb, Esq.
Merritt, Flebotte, Wilson, Webb & Caruso, PLLC
P. O. Box 2247
Durham, NC 27702
*Attorneys for Plaintiffs*

782740/228-071